IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles W. Carter,   :

    Plaintiff,   :   Case No. 2:05-cv-0807

v.   :   JUDGE SARGUS

Pat Hurley, et al.,   :   MAGISTRATE JUDGE KEMP

    Defendants.   :

ORDER

On December 19, 2005, the Magistrate Judge issued a Report and Recommendation (doc. #15) recommending that all of Charles W. Carter's claims be dismissed pursuant to 28 U.S.C. §§1915(e)(2) and/or 1915A for failure to state a claim upon which relief can be granted. On December 30, 2005, Mr. Carter filed objections to the Magistrate Judge's recommendation. The matter is before the Court to consider Mr. Carter's objections *de novo*. For the following reasons, Mr. Carter's objections to the Report and Recommendation will be overruled, and the Report and Recommendation will be adopted in its entirety.

In Mr. Carter's objections to the Report and Recommendation, Mr. Carter claims that the defendants are in default. Further, Mr. Carter attempts to describe, with additional specificity, alleged injuries that he received that amount to a denial of access to the courts. Finally, Mr. Carter argues that a Report and Recommendation by a Magistrate Judge is not needed in this case because this Court filed an Order denying Mr. Carter's motion for judgment by default.

Preliminarily, this Court points Mr. Carter to the Order denying his motion for judgment by default (doc. #12). In that Order, this Court, citing McGore v. Wrigglesworth, 114 F.3d 601 (6 th Cir. 1997), stated:

> In light of McGore, the Court must examine this complaint under 28 U.S.C. §1915A and 28 U.S.C. §1915(e)(2), before service of process is made on opposing parties. Since the Court has not yet completed screening of Mr. Carter's complaint, Mr. Carter should

> not have served the opposing parties. Hence, Defendants were not required to respond to the complaint.

Order Denying Mr. Carter's Motion for Judgment by Default at p. 2. The Court's reasoning for highlighting this passage is two-fold. First, it demonstrates why the defendants are not in default. This Court must screen Mr. Carter's complaint before service of process is made on the defendants in this case. Second, it explains why the Magistrate Judge issued a Report and Recommendation regarding the screening of Mr. Carter's complaint.

This Court notes that Mr. Carter's objections to the Report and Recommendation detail additional alleged retaliation as a result of Mr. Carter's attempt to file claims in this Court. Whether these allegations are true or not, this Court must screen Mr. Carter's complaint as *originally* filed. See McGore, 114 F.3d at 612 ("If a complaint falls within the requirements of §1915(e)(2) when filed, the district court should sua sponte dismiss the complaint"). After reviewing Mr. Carter's complaint *de novo*, this Court agrees with the Report and Recommendation that Mr. Carter has failed to state a claim on which relief can be granted.

For the foregoing reasons, Mr. Carter's objections to the Report and Recommendation are OVERRULED, and the Report and Recommendation is adopted in its entirety. This case is DISMISSED. The Clerk is directed to mail a copy of the complaint and this order to the defendants.

Date: 1-30-2006

Edmund A. Sargus, Jr.
United States District Judge